## TALPEY, impl., etc., *v.* DOANE et al.

1. An attachment writ made returnable on a day other than the first day of the term is not void, and may, therefore, be amended.
2. The defendants, in an attachment, entered a special appearance only. The plaintiffs and interpleading claimants stipulated to change the venue in the matter of the interplea, to another county than that in which the attachment was pending. A judgment was subsequently rendered against the defendants by default, in the court to which the cause had been removed. *Held* to be erroneous.

### *Error to the District Court of Arapahoe County.*

DOANE & Company, the defendants in error, began a suit by attachment in the district court of Weld county against Oliver S. Glenn and Rufus E. Talpey, who entered a special appearance for the purpose only of quashing the writ. A herd of cattle was seized under the writ, and Lockhart T. Glenn and George O. Talpey filed an interplea, under the statute, claiming to be the owners of the property attached. The interpleaders stipulated with Doane & Company to change the venue for the trial of the interplea. The district court of Weld county, in making the order changing the venue, directed the original cause, as well as the matter of the interplea, to be sent to the district court of Arapahoe county, and transferred all the papers to that court. Subsequently, Doane & Company took a default in the district court of Arapahoe county, against Oliver S. Glenn and Rufus E. Talpey ; a jury was also impaneled and damages assessed against them in the sum of $8,621.69, upon which judgment was entered in favor of Doane & Company. To reverse this judgment Rufus E. Talpey sued out this writ of error.

The plaintiff, in support of the position that a writ of attachment made returnable *dies non* is void, cited among other authorities, *Porter* v. *Foley*, 21 How. 393, and *Ins.*

*Co.* v. *Mordecai,* id. 195. A number of errors were assigned, but they are not discussed in the opinion of the court.

Messrs. FRANCE & ROGERS, for plaintiff in error.

Messrs. CHARLES & DILLON, for defendants in error.

A. W. STONE, J. On the 22d day of September, A. D. 1870, a writ of attachment in favor of defendants in error, against the plaintiffs in error, was issued out of the district court of Weld county, returnable at a district court, to be holden at Evans, in the county of Weld, on the *third* Tuesday of December next.

The time fixed by law for holding the district court in Weld county was the *second* Tuesday in December.

Counsel for defendants entered a special appearance, and moved to quash the supposed writ of attachment. Counsel for plaintiffs made a cross-motion to amend the writ.

The motion to quash was overruled, and the motion to amend was allowed; and the writ was amended by striking out the words "third Tuesday," and inserting "second Tuesday."

The right to make this amendment was fully considered and decided by this court in the case of *Archibald* v. *Thompson,* 2 Col., and we think the decision in that case correct. It is supported by a large number of respectable authorities, and is not in conflict with any decisions of the supreme court of the United States. The substantial rights of parties litigant are not thereby affected, and its allowance best tends to the furtherance of justice.

On the 17th day of December a stipulation was entered into between counsel for plaintiffs and counsel for Lockhart T. Glenn and George O. Talpey which was entered of record. The stipulation is in the following words:

"In the matter of the interplea filed by Lockhart T. Glenn and George O. Talpey in the attachment cause now pending in said court, wherein John W. Doane and others

are plaintiffs, and Oliver S. Glenn and Rufus E. Talpey are
defendants, it is hereby stipulated by the attorneys for J.
W. Doane & Co., and by France and Rogers, the attorneys
for Lockhart T. Glenn and George O. Talpey, that the in-
terplea, and the issues joined therein, may be tried at the
January term, A. D. 1871, of the Arapahoe county dis-
trict court ; this stipulation to affect the interplea only, and
to be in  nowise considered as affecting the defendants in
the attachment.

>    " CHARLES & ELBERT, for J. W. Doane *et al.*
>    "FRANCE & ROGERS, for Lockhart T. Glenn
>        and George O. Talpey, interpleaders."

On the same day the court ordered the venue in this
cause changed from the district court of Weld county to
the district court of Arapahoe county.  The order of the
court was based upon the stipulation and must be con-
sidered with and interpreted by it.  The stipulation is not
of doubtful import ; it is plain and unambiguous, and was
an agreement to change the venue in the cause of J. W.
Doane *et al.* and Lockhart T. Glenn and George O. Talpey,
interpleaders.  No other parties were before the court.
Oliver S. Glenn and Rufus E. Talpey had not then been
served with any process, and had only appeared specially
to make a motion to dismiss the writ of attachment.

The order of the court for the change of venue was in the
cause of *J. W. Doane et al.* v. *Lockhart T. Glenn and
George O. Talpey*, over which it had acquired jurisdiction
by the interplea filed and the stipulation of the parties.
That counsel for plaintiff so considered it at the time is
evident from the fact of the issuing the *alias* writ of at-
tachment.  If Oliver S. Glenn and Rufus E. Talpey, or
either of them, had appeared, the *alias* writ was useless.

The order for a continuance is general.  "Now, on this
day, come the said parties by their attorneys, and there-
upon this cause was ordered to be continued.  What cause ?
If the venue had been changed as to the defendants in the
attachment as well as to the interpleading claimants, there

was no cause in that court to continue. It was wholly out of that court. If it referred to the cause of *J. W. Doane et al.* v. *Oliver S. Glenn and Rufus E. Talpey*, as a cause then remaining in that court, which we think is correct, it not having been removed, it is clear the judgment against them in the district court of Arapahoe county was erroneous. The defendants Oliver S. Glenn and Rufus E. Talpey were not parties to the stipulation, and were not before the court at the time the order for the change of venue was made.

The *alias* writ of attachment, issued on the 14th day of December, 1870, required them to appear at a court to be holden at Evans, for the county of Weld, on the 2d Tuesday of December, 1871. It was sufficient for them to obey the order of the court.

From the beginning to the end of this case it does not appear that the defendants, Oliver S. Glenn and Rufus E. Talpey, or their counsel, asked any thing or did any thing; they consented to no change of venue; made no motion to continue, and did no act showing an intention to submit themselves to the jurisdiction of the court, and have not had their day in court. The most that can be said is, that an order of court was made continuing the case without any objection. It was not made on their motion, and was not prejudicial to them; it was not an appearance by them. *Crary* v. *Barber*, 1 Col. 172.

The judgment of the court is reversed with costs, and the cause is remanded to the district court of Arapahoe county with instructions to cause the record in the cause of *J. W. Doane et al.* v. *Rufus E. Talpey and Oliver S. Glenn* to be transmitted to the district court of Weld county, where the cause is now pending.                    *Reversed.*